**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Philip E. Mannebach,<br><br>        Petitioner,<br><br>vs.<br><br>Warden Gutierrez,<br><br>        Respondent. | No. CV 23-0502-TUC-MAA<br><br>**ORDER** |

      Pending before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed on November 6, 2023, by Philip E. Mannebach, who is currently incarcerated in the United States Penitentiary in Tucson, Arizona.  Petition, Doc. 1.  Mannebach, argues that the Bureau of Prisons (BOP) improperly denied him "credit for time served while in custody of the U.S. Marshal Service under a Writ of Habeas Corpus ad Prosequendum."  Doc. 1, p. 19.

      The respondent filed an answer opposing the petition on April 25, 2024.  Doc. 10.  Mannebach filed a reply on June 3, 2024.  Doc. 17.

      The Magistrate Judge presides over this case having received the consent of both parties pursuant to 28 U.S.C. § 636(c).  Doc. 18.

      The petition will be denied.  Mannebach cannot get credit for time served prior to his federal sentencing date because he legally remained in state custody when he was transferred to federal court pursuant to the Writ of Habeas Corpus ad Prosequendum.  He is entitled to credit starting on the date of his federal sentencing, but he has already been credited with this time.

## Summary of the Case

Mannebach was originally detained on November 9, 2010, in Indiana in case No. 84D01-1011-FB-3655. Doc. 10, p. 2. The original charges were dismissed on May 16, 2011, but, on June 9, 2011, he was transferred to St. Louis, Missouri, where he was prosecuted in Missouri state court for Possession of a Controlled Substance. *Id.* On June 21, 2011, he was sentenced to five years in state prison. Doc. 10, p. 2; Doc. 1, p. 21.

On December 16, 2011, Mannebach was transferred to federal court in the Southern District of Indiana pursuant to a Writ of Habeas Corpus ad Prosequendum. Doc. 10, p. 2. He was convicted of Conspiracy to Distribute in Excess of 500 grams of Methamphetamine, Conspiracy to Interfere with Commerce by Extortion, and Conspiracy to Possess a Firearm in Furtherance of a Crime of Violence in case No. 11-cr-00155-007. Doc. 10, pp. 2-3. On April 8, 2013, Mannebach was sentenced in federal court to life in prison. *Id.* The sentencing court ordered his federal sentence to run concurrently with his five-year Missouri state sentence. Doc. 10, p. 3.

On June 27, 2013, Mannebach was returned to state custody in Missouri. Doc. 10, p. 3; Doc. 1, p. 24. On July 12, 2013, Mannebach was paroled to the custody of the U.S. Marshals to continue serving his federal sentence. Doc. 10, p. 3; Doc. 1, p. 23. On August 23, 2022, the Southern District of Indiana reduced Mannebach's sentence to 240 months. Doc. 10, p. 3.

The Bureau of Prisons (BOP) recognizes Mannebach's sentence commencement date as April 8, 2013, the date he was sentenced. Doc. 10, p. 3. The BOP gave Mannebach sentencing credit for 224 days, from November 9, 2010, the day he was originally detained in Indiana, to June 20, 2011, the day before he was sentenced in Missouri state court. *Id.* The BOP did not give Mannebach credit for the period from June 21, 2011, when he was sentenced in state court and began serving his state sentence, to April 7, 2013, the day before he was sentenced in federal court. *Id.*

In the pending petition, Mannebach argues he is entitled to federal sentencing credit, pursuant to 18 U.S.C. § 3585(b), from December 16, 2011, when he was transferred from state

custody to the Southern District of Indiana pursuant to a Writ of Habeas Corpus ad Prosequendum, to June 27, 2013, when he was returned to state custody in Missouri, for a total of 562 days[1]. Doc. 1, p. 18.

Summary:

| | | |
|---|---|---|
| November 9, 2010 | Arrested in Indiana | |
| May 16, 2011 | Indiana Charges Dropped | |
| June 9, 2011 | Transferred to Missouri | |
| June 21, 2011 | Sentenced in Missouri | |
| December 16, 2011 | Transferred via Writ | ---- Claimed Period Begins |
| April 8, 2013 | Federal Sentence | |
| June 27, 2013 | Returned to State | ---- Claimed Period Ends |
| July 12, 2013 | Paroled to Marshals | |

In his answer to the petition, the respondent argues that Mannebach failed to exhaust his administrative remedies. Doc. 10. He argues, in the alternative, that Mannebach is not entitled to presentence credit between December 16, 2011, when Mannebach was transferred pursuant to the writ, and April 7, 2013, the day before he was sentenced, because the state retained primary jurisdiction over him when he was transferred pursuant to the writ and this time period was credited toward his state sentence. Doc. 10; Doc. 10-1, ¶ 16. He asserts that Mannebach *did* receive sentencing credit for the period from April 8, 2013, when he was sentenced in federal court to concurrent time, to June 27, 2013, when he was returned to the state and thereafter. This was not "presentence" credit but simply credit after the commencement of his sentence, which started on April 8, 2013.

---

[1] The court will assume, without deciding, that this interval totals 562 days. Doc. 1, p. 18.

- 3 -

The court finds that the petition should be denied on the merits. The court does not reach the respondent's alternate arguments.

Discussion

A federal sentence is calculated pursuant to 18 U.S.C. §3585, which reads in pertinent part as follows:

> A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. §3585(a, b). Presentence detention credit, however, is only available if the defendant is in federal custody, not state custody. *United States v. Graham*, 538 F.2d 261, 265 (9th Cir. 1976).

In the pending petition, Mannebach argues he is entitled to federal sentencing credit from December 16, 2011, when he was transferred from state custody to the Southern District of Indiana pursuant to a Writ of Habeas Corpus ad Prosequendum, to June 27, 2013, when he was returned to state custody in Missouri. Doc. 1, p. 18. The court concludes that Mannebach is not entitled to presentence credit from December 16, 2011, to April 7, 2013. This part of his petition should be denied. Beginning on April 8, 2013, however, Mannebach is entitled to credit, but he has already been credited with this time, so this part of the petition is moot.

Mannebach's sentence commenced on April 8, 2013, the day he was sentenced to concurrent time. 18 U.S.C. §3585(a); Doc. 10-1, ¶ 14. He has received sentencing credit starting on April 8, 2013, and continuing to the present. Doc. 10-1, ¶ 14. Mannebach's claim

to credit from April 8, 2013, to June 27, 2013 should be denied as moot. This period has already been credited to his federal sentence.

Mannebach is not entitled to presentence credits for the period from December 16, 2011, when he was transferred pursuant to the writ, to April 7, 2013, the day before he was sentenced in federal court, because legally he was not in federal custody. *United States v. Graham*, 538 F.2d 261, 265 (9th Cir. 1976); *see also* Program Statement 5888.28, Doc. 10-8, p. 6, ¶ 6 ("Time spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time").

"The Ninth Circuit has held that a prisoner transferred per a writ of habeas corpus ad prosequendum is considered to be on loan to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly." *Jackson-Bey v. Von Blanckensee*, 2020 WL 7028927, at *2 (D. Ariz. 2020), report and recommendation adopted, 2020 WL 7027557 (D. Ariz. 2020). Mannebach, therefore, was not legally in federal custody between December 16, 2011, and April 7, 2013. He was still a state prisoner and is not entitled to federal presentence credit for this period of time. *See Id.*; *see also United States v. Graham*, 538 F.2d 261, 265 (9th Cir. 1976) ("Unless time is served in federal custody, it does not count as credit for time served under a federal sentence."); *see, e.g., Pinnow v. Graber*, 452 F. App'x 740, 741 (9th Cir. 2011) (*"*Pinnow remained subject to the jurisdiction of the state during the time he spent in custody pursuant to the writ [of habeas corpus ad prosequendum]"; therefore, "the credits earned during that period applied to his state sentence only."); *Lay v. Gill*, 2012 WL 6020115, at *8 (E.D. Cal. 2012), aff'd, 575 F. App'x 816 (9th Cir. 2014) ("Petitioner is not entitled to credit against his federal sentence for the time between the original date Petitioner was 'borrowed' by federal authorities [and] the date of his federal conviction, merely because he was in physical custody of federal authorities pursuant to a writ of habeas corpus ad prosequendum."); *Meraz-Anguiano v. Holencik*, 2009 WL 1111191, at *3 (C.D. Cal. 2009) ("Since the time Petitioner spent in federal custody during the pendency of his federal case was pursuant to the writs of habeas corpus ad prosequendum, that time may only be credited towards his state sentence, not his federal sentence.").

In the alternative, the petition must be denied because the period at issue, between December 16, 2011, and April 7, 2013, was credited toward his state sentence. 18 U.S.C. §3585(b). The respondent cites to the declaration of Veronica Hodge, a Management Analyst at the Bureau of Prisons Designation and Sentence Computation Center. Doc. 10-1, ¶ 1. Hodge explains that she has "access to documents and electronic data created and/or maintained by the Bureau . . . as well as records created and maintained by other state and federal agencies." Doc. 10-1, ¶ 3. She asserts that "Petitioner remained in continuous service of the controlling five-year Missouri state sentence with time beginning on June 21, 2011, when he was sentenced in Missouri, through July 12, 2013, when he [was] paroled from his state sentence and entered exclusive federal custody." Doc. 10-1, ¶ 16. The period at issue, from December 16, 2011, to April 7, 2013, was credited toward Mannebach's state sentence. He therefore is not entitled to presentence credit toward his federal sentence for this period.

Mannebach argues to the contrary that he did *not* receive state sentencing credit after he was transferred to federal court pursuant to the writ of habeas corpus ad prosequendum. Doc. 1, p. 15.[2] In his reply brief he states that "[t]here is ample documentation [EX. A] that shows Mr. Mannebach was not receiving any credit with the state of Missouri while on writ . . . ." Doc. 17, p. 1. Mannebach did not attach any exhibits to his reply brief, so the court assumes he is referring to the Exhibits attached to his original petition. *See* Doc. 1, p 15 ("Mr. Mannebach never received credit for either sentence he was serving . . . while on his writ of habeas corpus

---

[2] Mannebach also maintains that he had only 30 days left on his state sentence when he was transferred for federal prosecution. Doc. 1, p. 16 He asserts that he received no state credit for the time spent during this federal prosecution and he only completed his last 30 days when he was returned to the State of Missouri. *Id.* Mannebach attached a number of documents to his petition, but he has not directed the court to any specific document or entry in support his arguments. He seems to concede that he was sentenced in state court to 5 years' imprisonment on June 21, 2011. Doc. 1, pp. 13, 18, 21. It appears that he received credit toward his state sentence for time served starting on May 13, 2011. Doc. 10-1, ¶ 7. He was transferred for federal prosecution on December 16, 2011. Doc. 1, p. 18. Thirty days after the transfer would be January 15, 2012. Mannebach does not explain why his 5-year sentence would start on May 13, 2011 and be due to finish approximately eight months later on January 15, 2012. *See also* Doc. 10-5, p. 4 (state department of corrections Face Sheet showing "Calculation Start: 05/13/2011" and "Max Rel[ease] Date: 05/12/2016."); Doc. 1, p. 21 (same).

ad prosequendum.") (citing, among other things, Ex. A1-A9). Mannebach does not, however, direct the court to a particular page or entry that would support his assertion, and the court has been unable to find anything on its own.[3] And as the petitioner, Mannebach is the one with the burden of proof. *Werber v. Residential Reentry Manager*, 2023 WL 3973503, at *2 (W.D. Wash. June 13, 2023). The court cannot conclude that Mannebach did *not* receive state sentencing credit after he was transferred to federal court pursuant to the writ.

In his reply brief, Mannebach requests appointment of counsel "to answer any and all necessary responses the government might make in opposition and to ensure that this court receives proper cognizable and meritorious arguments along with discovery to prove Mr. Mannebach's case here." Doc. 17, p. 1.

"[T]here is no constitutional right to counsel in federal habeas corpus proceedings." *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 1991). The Court is not required to appoint counsel for indigent habeas petitioners "unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). In its discretion, the Court may appoint counsel for indigent habeas petitioners if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). When weighing a motion to appoint habeas counsel, "the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The petitioner in this case has adequately articulated his claim for relief. The court finds that his claim is not meritorious. Mannebach's request for appointment of counsel will be denied.

---

[3] One of the Exhibits is a Face Sheet from the Missouri Department of Corrections dated July 11, 2013, after his transfer to federal court was complete and just before Mannebach was paroled to the custody of the Marshals. Doc. 1, p. 21. It indicates that Mannebach received a 5-year sentence that started on 05/13/2011 with a "Max Rel Date: 05/12/2016," five years later. If Mannebach received no credit for the 18 months he spent in federal physical custody, one might expect that his "Max Rel Date" would be 18 months later.

IT IS ORDERED that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed on November 6, 2023, by Philip E. Mannebach, is DENIED. Petition, Doc. 1.

The Clerk of the Court is instructed to enter judgment accordingly and close this case. The court declines to issue a certificate of appealability because reasonable jurists would not find the court's ruling debatable.

DATED this 9th day of July, 2024.

Honorable Michael A. Ambri
United States Magistrate Judge